# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s)**: 13-3525

**Caption [use short title]**

**Motion for:** Leave to File Reply ISO Rule 23(f) Petition

Haddock, et al v. Nationwide Life Insurance Co.

Set forth below precise, complete statement of relief sought:

Defendant-Petitioner seeks leave to file a reply in support of a Rule 23(f) petition

**MOVING PARTY:** Nationwide Life Insurance Co.        **OPPOSING PARTY:** Lou Haddock, et al.

☐ Plaintiff      ☑ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

**MOVING ATTORNEY:** Noah A. Levine        **OPPOSING ATTORNEY:** Richard A. Bieder

[name of attorney, with firm, address, phone number and e-mail]

Wilmer Cutler Pickering Hale & Dorr LLP          Koskoff, Koskoff & Bieder, P.C.
7 World Trade Center, 250 Greenwich St.         350 Fairfield Ave., 5th Floor
New York, NY 10007                              Bridgeport, CT 06604
212-230-8800; noah.levine@wilmerhale.com        203-336-4421; rbieder@koskoff.com

**Court-Judge/Agency appealed from:** Hon. Stefan R. Underhill, United States District Court for the District of Connecticut

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain): Opposing counsel takes no position on the motion

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below?     ☐ Yes ☐ No
Has this relief been previously sought in this Court?  ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?   ☐ Yes ☑ No   (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No   If yes, enter date:_____

**Signature of Moving Attorney:**
/s/ Noah A. Levine        **Date:** 10/11/2013        Service by:  ☑ CM/ECF   ☐ Other [Attach proof of service]

---

## ORDER

**IT IS HEREBY ORDERED THAT** the motion is **GRANTED  DENIED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: _____                By: _____

**Form T-1080** (rev. 7-12)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____
                                                                    )
LOU HADDOCK, as trustee of the Flyte Tool &     )
  Die Company Inc. 401(k) Profit-Sharing             )
  Plan, et al.,                                                      )
                                                                    )
         Plaintiffs-Respondents,                           )
                                                                    )
    v.                                                              )    No. 13-3525
                                                                    )
NATIONWIDE LIFE INSURANCE CO.,                )
                                                                    )
         Defendant-Petitioner.                              )
_____)

**MOTION OF DEFENDANT-PETITIONER FOR LEAVE TO FILE A REPLY IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(f)**

Pursuant to Fed. R. App. P. 27, Defendant-Petitioner Nationwide Life Insurance Co. ("Nationwide") respectfully requests leave to file a reply (attached as Exhibit 1) to the Plaintiffs-Respondents' Response to Nationwide's petition for permission to appeal pursuant to Federal Rule of Civil Procedure 23(f). Neither the Federal Rules of Appellate Procedure nor this Court's rules address the filing of a reply in support of a Rule 23(f) petition. However, under the Federal Rules of Appellate Procedure, the party seeking relief typically has an opportunity to reply to any opposition to the relief being sought. *See, e.g.*, Fed. R. App. P. 27(a)(4) (permitting reply to response to a motion); Fed. R. App. P. 28(c) (permitting reply

1

brief).  In addition, this Court has often accepted replies in support of Rule 23(f) petitions.  *See, e.g.*, *The Authors Guild v. Google, Inc.*, No. 12-2402 (July 9, 2012); *Nationwide Fin. Servs. v. Haddock,* No. 09-4880 (Dec. 16, 2009); *Spencer v. Hartford Fin'l Servs. Group, Inc.*, No. 09-1234 (Oct. 14, 2009)*; Loftin v. Bande*, No. 07-4017 (Oct. 5, 2007); *Levitt v. PriceWaterhouseCoopers LLP*, No. 07-3334 (Aug. 22, 2007).  Nationwide's Reply does not address any issues not raised in the Petition or the Response.  Plaintiffs-Respondents have advised Nationwide that they take no position on this motion.

                                    Respectfully submitted,

|  |  |
|---|---|
|  | /s/ Noah A. Levine |
| DAVID W. BOWKER | CHARLES C. PLATT |
| DANIEL P. KEARNEY, JR. | NOAH A. LEVINE |
| WILMER CUTLER PICKERING | WILMER CUTLER PICKERING |
|   HALE AND DORR LLP |   HALE AND DORR LLP |
| 1875 Pennsylvania Avenue, NW | 399 Park Avenue |
| Washington, DC  20006 | New York, NY  10022 |
| (202) 663-6000 | (212) 230-8800 |

THOMAS F. CLAUSS , JR.
WIGGIN AND DANA LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT  06901
(203) 363-7610

    *Attorneys for Defendant-Petitioner Nationwide Life Insurance Company*

October 11, 2011

# 13-3525

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
_____

LOU HADDOCK, as trustee of the Flyte Tool & Die Company Inc.
401(k) Profit-Sharing Plan, et al.,

    *Plaintiffs-Respondents,*

v.

NATIONWIDE LIFE INSURANCE CO.,

    *Defendant-Petitioner.*

_____

**REPLY IN SUPPORT OF PETITION OF DEFENDANT-PETITIONER
FOR PERMISSION TO APPEAL PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 23(f)**
_____

From an Order Granting Certification of a Class Action, Entered on September 6, 2013, by the United States District Court for the District of Connecticut, 3:01-CV-01552 (SRU), The Honorable Stefan R. Underhill

_____

CHARLES C. PLATT
NOAH A. LEVINE
WILMER CUTLER PICKERING
  HALE AND DORR LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

THOMAS F. CLAUSS, JR.
WIGGIN AND DANA LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT  06901
(203) 363-7610

DAVID W. BOWKER
DANIEL P. KEARNEY, JR.
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC  20006
(202) 663-6000

*Attorneys for Defendant-Petitioner*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ ii

CONCLUSION .....................................................................................................7

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013) ...............................................2, 4

*Haddock v. Nationwide Financial Services, Inc.*, 262 F.R.D. 97
    (D. Conn. 2009) ...............................................................................................1

*In re Rail Freight Fuel Surcharge Antitrust Litigation-MDL No. 1869*,
    725 F.3d 244 (D.C. Cir. 2013) .........................................................................4

*Leimkuehler v. American United Life Insurance Co.*, 713 F.3d 905
    (7th Cir. 2013) ..............................................................................................1, 3

*McLaughlin v. American Tobacco Co.*, 522 F.3d 215 (2d Cir. 2008) ........................6

*Nationwide Life Insurance Co. v. Haddock*, 460 F. App'x 26 (2d Cir.
    2012) .................................................................................................................5

*Parker v. Time Warner Entertainment Co.*, 331 F.3d 13 (2d Cir. 2003) ...................7

*Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672 (7th Cir. 2001) ............................7

*Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011) ............................................5

## STATUTES

29 U.S.C. § 1002(21)(A)(i) .........................................................................................2

## OTHER AUTHORITIES

Fed. R. Civ. P. 23 ..................................................................................*passim*

Plaintiffs' Response is most notable for what it does not say. The Response does not say (though it strives hard to imply) that the district court identified any common, classwide evidence that could support the particular liability theories it approved as "viable." The Response also does not say a single word about the individualized liability issues of ratification and pass-through, or the district court's characterization of both as mere individualized damages issues. Finally, the Response does not address, much less cite, the Seventh Circuit's recent, seminal decision in *Leimkuehler v. American United Life Insurance Co.*, 713 F.3d 905 (7th Cir. 2013). The Response says nothing on any of these pivotal issues because there is nothing for Plaintiffs to say. There is no basis for this case to move forward as a class action.

1. Nationwide's petition showed that the district court's class certification order was erroneous because there is a fundamental disconnect between the liability theories the court found "viable" and the common, classwide evidence the court identified in its Rule 23(b)(3) predominance finding. That evidence—*i.e.*, "Nationwide's uniform investment process … evidenced by the standardized terms contained in the annuity contracts that governed Nationwide's relationship with the Plans and participants"—cannot prove the liability theory that Nationwide "actively used" and "leveraged" its control of Plan assets "to bargain for" and "extract" revenue sharing from mutual funds. A17, A21; *Haddock v. Nationwide Financial*

1

*Servs., Inc.*, 262 F.R.D. 97, 107 (D. Conn. 2009).  Nor can the mere terms of Nationwide's contracts with the Plans prove the other liability theory that Nationwide ever "exercise[d]" control of Plan assets (29 U.S.C. § 1002(21)(A)(i)) through a mere ability to select, substitute, or remove mutual funds from its annuity products.  Plaintiffs' Response does not even attempt to bridge these gaps.

Instead, the Response refers to other supposed facts that the district court never relied upon.  But *Plaintiffs*' submissions cannot make up for the *district court's* failure to conduct a rigorous analysis under Rule 23(b)(3).  It is the district court that must "find that 'the questions of law or fact common to class members predominate over any questions affecting only individual members.'"  *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).  Regardless, none of Plaintiffs' "proof" is even linked to the liability theories the district court certified.  Plaintiffs cite "expert opinions" that the "only possible reason" mutual funds paid revenue sharing was to be "offered as investment options in Nationwide's variable annuities." Resp. 12.  But neither "expert opinion" constitutes evidence of Nationwide in fact actively using or leveraging its control of Plan assets to bargain for or extract revenue sharing.  Indeed, neither "expert opinion" refers to, or cites evidence from, any Nationwide negotiation with any mutual fund.  Nor does either "expert opinion" constitute evidence of Nationwide in fact exercising control over

2

the disposition of Plan assets. The opinions speak, at most, only to Nationwide's design of its annuity products.[1]

The same is true of other material cited in Plaintiffs' Response. *See* Resp. 12-13. Material purportedly suggesting that revenue sharing was a factor in whether Nationwide included a mutual fund in its annuity products, or that Nationwide had a "policy" requiring revenue sharing in most instances, at most show that Nationwide received revenue sharing in connection with its products—conduct that is both unremarkable and lawful. *See Leimkuehler*, 713 F.3d at 911-914. It is not probative of the particular liability theories condoned by the district court. For example, consider circumstances in which Nationwide developed a new annuity product and reached revenue-sharing agreements with the mutual funds prior to any sales of, or Plan contributions to, the product. On Plaintiffs' apparent view, this is sufficient to show that Nationwide actively used and leveraged the assets of all Plans that

---

[1] *See* Beyer ¶ 15 (Exhibit A to Pls.' Class Cert. Reply), Dist. Ct. Doc. No. 361 ("It is my understanding that the plaintiffs plan to show that the payments … were made to ensure that Nationwide … would offer the mutual funds as investment options"); Monsowitz 12 (Exhibit J to Conf. Appendix to Pls.' Class Cert. Reply), Dist. Ct. Doc. No. 366 ("it is my opinion that Nationwide makes payment of revenue sharing a condition of its offering a mutual fund complex's funds in its variable annuity products"). The district court never cited either expert opinion in connection with its analysis of Plaintiffs' theories of fiduciary conduct. In both the 2009 and 2013 class certification decisions, the court cited only the Monsowitz opinion and only on the issue of whether, for purposes of Nationwide's "pass through" argument, the revenue sharing represented "pure profit" to Nationwide. A23.

subsequently purchased the annuity product. The Response does not even attempt to explain how this could be so. Rather, the Response studiously avoids any discussion of how *any* purported common, classwide evidence is linked to the district court's liability theories.

The *Comcast* decision makes clear that a Rule 23(b)(3) class cannot be certified in the face of this kind of disconnect between liability theory and classwide evidence. *See Comcast*, 133 S. Ct. at 1432-1433. Under *Comcast*, "[p]redicating class certification on [evidence] divorced from the plaintiffs' theory of liability … indicates a failure to conduct the rigorous analysis demanded by Rule 23." *In re Rail Freight Fuel Surcharge Antitrust Litig.-MDL No. 1869*, 725 F.3d 244, 253 (D.C. Cir. 2013). The district court exhibited precisely that type of failure here.

2.  Plaintiffs' Response does not say *a single word* about Nationwide's second ground for a Rule 23(f) appeal—that the class certification order improperly gutted Nationwide's individualized ratification and "pass through" defenses by correctly recognizing both issues as "individualized" but then erroneously treating them as mere issues of "monetary relief." A24; *see* Pet. 16-19. Plaintiffs thus do not dispute that both issues are matters of *liability*, not monetary relief. And like the district court's class certification order itself, Plaintiffs' response makes no attempt to explain how these individualized liability issues can be resolved in a class action trial. This case thus presents a textbook case for a Rule 23(f) appeal. On the record

presented to this Court, *nobody*—not the district court and not the Plaintiffs—has even asserted that two of the primary liability issues in the case can be tried on a classwide basis. The effect of the court's decision is to either preclude or severely hamstring Nationwide's ability to present its defenses. Rule 23(b)(3) does not sanction such a proceeding. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2561 (2011) ("a class cannot be certified on the premise that [the defendant] will not be entitled to litigate its statutory defenses to individual claims").

    3.    Plaintiffs' main contention is that this Court has already considered and rejected Nationwide's arguments, but that assertion is meritless, as a review of the papers in the earlier Rule 23(f) appeal would show. It is also apparent in this Court's ruling in that appeal, which directed the district court to consider all issues relevant to the Rule 23(b)(3) inquiry on remand, stating: "To the extent that Nationwide argues that plaintiffs' case will require individualized proof, we think that is a matter for the district court to consider on remand in applying Rule 23(b)(3)." *Nationwide Life Ins. Co. v. Haddock*, 460 F. App'x 26, 29 n.1 (2d Cir. 2012). The failure of the district court to link any actual common, classwide evidence to either of the theories it found "viable," and the presence of undisputed individual issues in Nationwide's ratification and pass-through defenses, are exactly the kinds of issues that Rule 23(b)(3) required the district court to consider on remand.

5

4. Another theme of Plaintiffs' Response is the accusation that Nationwide's Rule 23(f) petition merely seeks dismissal of the case. Nationwide's Rule 23(f) petition, and the specific issues it presents, refute Plaintiffs' assertion. A Rule 23(f) appeal is warranted here because of the failure of the district court to identify any common, classwide evidence supporting the only liability theories it found viable. It is equally warranted because the district court erroneously found predominance based only on an incorrect characterization of substantial liability defenses as "individualized damages issues" that it believed could be addressed separately from any class-action trial on liability.

Nevertheless, Plaintiffs' Response fails to cite or address the Seventh Circuit's *Leimkuehler* decision. That decision flatly rejects both of Plaintiffs' liability theories here, yet Plaintiffs offer no rebuttal. The district court did the same, ignoring the *Leimkuehler* decision entirely. This Court has made clear, however, that "when a claim cannot succeed as a matter of law, the Court should not certify a class on that issue." *McLaughlin v. American Tobacco Co.*, 522 F.3d 215, 228 (2d Cir. 2008) (internal quotation marks omitted). Plaintiffs' failure to offer any defense of the viability of their claims in the face of *Leimkuehler*'s ERISA holdings and *McLaughlin*'s class-action holding speaks volumes.

5. Finally, Plaintiffs' contention that this case is not sufficiently important to warrant Rule 23(f) appeal is groundless. This Court already recognized the

6

importance of this case in granting Nationwide's previous Rule 23(f) petition. That recognition was correct. On behalf of a class of all ERISA plans doing business with Nationwide over the last 18 years, Plaintiffs seek complete disgorgement of all monies that Nationwide received pursuant to revenue sharing agreements—potentially hundreds of millions of dollars—and an injunction preventing Nationwide from receiving such revenue in the future. Although Nationwide disagrees that these remedies are warranted, such a result would put Nationwide at a significant disadvantage relative to its competitors, all of whom receive revenue sharing, and would risk effectively ending Nationwide's ERISA annuity business by pricing its products out of the market altogether. Those circumstances plainly present just the sort of compelling need for immediate review for which Rule 23(f) exists. *See Parker v. Time Warner Entmt. Co.*, 331 F.3d 13, 22 (2d Cir. 2003) (noting class actions' potential for "a potentially enormous aggregate recovery for plaintiffs, and thus an *in terrorem* effect on defendants"); *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) ("prime occasion for the use of Rule 23(f)" is when class certification dramatically raises the monetary stakes in a case "and may induce a substantial settlement even if the [plaintiffs'] position is weak").

## CONCLUSION

For the foregoing reasons and those in Nationwide's petition, permission to appeal should be granted.

                           Respectfully submitted,

|  |  |
|---|---|
|  | /s/Noah A. Levine |
| DAVID W. BOWKER | CHARLES C. PLATT |
| DANIEL P. KEARNEY, JR. | NOAH A. LEVINE |
| WILMER CUTLER PICKERING | WILMER CUTLER PICKERING |
|   HALE AND DORR LLP |   HALE AND DORR LLP |
| 1875 Pennsylvania Avenue, NW | 399 Park Avenue |
| Washington, DC  20006 | New York, NY  10022 |
| (202) 663-6000 | (212) 230-8800 |

THOMAS F. CLAUSS, JR.
WIGGIN AND DANA LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, CT  06901
(203) 363-7610

    *Attorneys for Defendant-Petitioner Nationwide Life Insurance Company*

Dated: October 11, 2013