# WILMERHALE

January 14, 2014

Noah Levine

+1 212 230 8875 (t)
+1 212 230 8888 (f)
noah.levine@wilmerhale.com

**By ECF**

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:  *Haddock v. Nationwide Life Ins. Co.*, No. 13-3525

Dear Ms. Wolfe:

I write to correct the record on a critical point after oral argument in this matter today. At argument, we reiterated that the Seventh Circuit's decision in *Leimkeuhler v. American United Life Insurance Co.*, 713 F.3d 905 (7th Cir. 2013), requires in this context that a plaintiff prove that the defendant annuity provider "'actually exercise[d]'" some fiduciary authority in connection with the challenged action—*e.g.*, an actual deletion or substitution of a fund containing plan assets in connection with revenue sharing. *Id.* at 914 (citation omitted); *see also id.* at 911-12.

Plaintiffs' counsel argued that the district court found and that Nationwide admitted such an exercise here. But as support, counsel excerpted half of a sentence from the district court's 2009 class certification decision that, when read in context, makes clear that the district court never found, and Nationwide never has admitted, any exercise of a substitution and deletion power in connection with revenue sharing, much less any common, class-wide exercise. The full paragraph, together with its footnote, reads:

> For the group variable annuity contracts, Nationwide retained the authority to delete and substitute mutual funds from the list of available options, "if, in the judgment of [Nationwide], further investment in the shares of a Fund should become inappropriate in the view of the purposes of the Contract." The individual variable annuity contracts issued prior to 1998 did not contain similar language; Nationwide, however, does not dispute that it retained the authority (and exercised the authority) to remove mutual funds after participants selected them for inclusion in their individual variable annuity contract.[FN3]  Henderson Decl. (Doc. # 338 Attach. 2) ¶ 16. Individual annuity variable annuity contracts issued after 1998 contained the language referenced above. *Id.* ¶ 18; Def. Ex. 18.

WILMERHALE

Catherine O'Hagan Wolfe
January 14, 2014
Page 2

> [FN3]. Nationwide contends that "except in rare circumstances," the decision to remove a mutual fund from the available investment options was driven by the mutual fund itself. It also contends that in all cases where a mutual fund was eliminated, Nationwide gave the Plans and participants the option of where to reinvest the money and did not exercise its contractual authority to substitute a different fund. Whatever authority Nationwide may or may not have exercised with regard to each variable annuity contract, the pertinent issue here relates to Nationwide's ability to shape the universe of available funds.

*Haddock v. Nationwide Fin. Svcs, Inc.*, 262 F.R.D. 97, 104-105 & n.3 (D. Conn. 2009). As the footnote makes clear, the district court's view was that the only "pertinent issue" was Nationwide's *ability* to substitute and delete. Indeed, in the class certification order under review here, when the district court described the same factual background, it omitted any reference to any exercise of any substitution or deletion right. *Compare Haddock*, 262 F.R.D. at 104-105 *with* A3-A4.

Sincerely,

Noah Levine

cc: Plaintiffs' counsel (by ECF)

ActiveUS 121296365v.2